# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JIM A. DRYSDALE,[1]
         Appellant,

     v.

DEPARTMENT OF THE ARMY,
         Agency.

DOCKET NUMBER
SF-0752-13-4334-I-1

DATE: May 8, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL [2]

Jim A. Drysdale, Sacramento, California, pro se.

Jason DeRosa, Esquire, Portland, Oregon, for the agency.

Annette B. Kuz, Esquire, San Francisco, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

---

[1] Pursuant to 5 C.F.R. § 1201.36(a), this appeal was part of a consolidation. *Corps of Engineers/South Pacific Division v. Department of the Army*, MSPB Docket No. SF-0752-14-0285-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal with prejudice for failure to prosecute.  For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2      On June 4, 2013, the agency issued a Notice of Proposed Furlough informing the appellant, a Geologist, that he would be furloughed for no more than 11 workdays due to "the extraordinary and serious budgetary challenges facing the Department of Defense (DoD) for the remainder of Fiscal Year (FY) 2013, the most serious of which is the sequester that began on March 1, 2013." Initial Appeal File (IAF), Tab 1 at 10-11.  It does not appear that the appellant responded to the proposal notice.  By written notice dated June 24, 2013, the agency's deciding official informed the appellant that he would be furloughed as outlined in the proposal notice.  *Id.* at 13-15.  The record includes a Standard Form 50 reflecting the appellant's furlough, effective July 8, 2013, on discontinuous days between July 8, 2013, and September 30, 2013, and not to exceed a maximum of 88 hours during the furlough period.  *Id.* at 7-9.

¶3      The appellant filed a Board appeal challenging the agency's action but indicated that he did not want a hearing.  *Id.* at 1-6.  In a furlough procedures order, the administrative judge informed the appellant that his appeal had been consolidated with the appeals of similarly situated employees.  *Corps of Engineers/South Pacific Division v. Department of the Army*, MSPB Docket No. SF-0752-14-0285-I-1, Consolidated Appeal File, Tab 2.  On July 21, 2014, the administrative judge issued an initial decision dismissing the appellant's appeal with prejudice for failure to prosecute.  IAF, Tab 6, Initial Decision (ID) at 1, 3.  In particular, the administrative judge found that the appellant failed to exercise basic due diligence in prosecuting his appeal because he failed to appear

for the scheduled status conference call, to submit a close of record submission or a response to the agency's close of record submission, or to respond to the show cause order on the failure to prosecute issue. ID at 2. The administrative judge also informed the parties that the initial decision would become final if neither party filed a petition for review by August 25, 2014. ID at 3.

¶4    The appellant filed a petition for review on January 20, 2015. Petition for Review (PFR) File, Tab 1. The agency has not filed a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant has not established good cause for untimely filing his petition for review.</u>

¶5    Generally, a petition for review must be filed within 35 days after the issuance of the initial decision, or, if the petitioner shows that he received the initial decision more than 5 days after the date of the issuance, within 30 days after the date he received the initial decision. 5 C.F.R. § 1201.114(e). Here, the administrative judge issued the initial decision on July 21, 2014, and the certificate of service reflects that the appellant received the initial decision through email on July 21, 2014. ID at 1; IAF, Tab 5. In the initial decision, the administrative judge informed the parties that the initial decision would become the Board's final decision if neither party filed a petition for review by August 25, 2014. ID at 3; *see* 5 C.F.R. § 1201.113.

¶6    The appellant filed a petition for review on January 20, 2015, almost 5 months past the initial decision's finality date. PFR File, Tab 1. In his petition for review, he argues that the Board should find good cause for his untimely filing because he "lost track of the message where [the] deadline was apparent" and made an "honest oversight." *Id.* at 3. In an acknowledgment letter, the Office of the Clerk of the Board informed the appellant that his petition for review was untimely filed and that he could file a motion with the Board to

accept his filing as timely or to waive the time limit for good cause. PFR File, Tab 2. The appellant did not respond to the letter.

¶7    The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause, the appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition for review. *See Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶8    We find that the appellant has not demonstrated good cause for his untimely petition for review. Although an appellant's pro se status is a factor weighing in his favor, it is insufficient to excuse his untimeliness. *Allen v. Office of Personnel Management*, 97 M.S.P.R. 665, ¶ 8 (2004). His nearly 5-month delay in filing his petition for review is significant. *See, e.g.*, *Dow v. Department of Homeland Security*, 109 M.S.P.R. 633, ¶ 8 (2008) (finding a more than 1-month delay in filing a petition for review was significant). Although the appellant mistakenly missed the filing deadline, his inexperience with legal matters and unfamiliarity with Board procedures do not warrant waiving the filing deadline. *See Wallace v. Department of Veterans Affairs*, 81 M.S.P.R. 88, ¶ 5, *aff'd*, 217 F.3d 856 (Fed. Cir. 1999) (Table). The appellant received clear notice of the filing deadline in the initial decision. *See* ID at 3. Thus, we find that the

appellant has failed to show that he exercised due diligence or ordinary prudence in this case that would justify waiving the filing deadline.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono

representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.